WILLIAM W. PICKERING, appellant, *v.* FLETCHER MIZNER *et al.*, appellees.

*Appeal from Kendall.*

Where a case is taken to the Supreme Court by appeal, the appeal bond should be copied and certified by the clerk of the Circuit Court as a part of the record, that the Supreme Court may determine whether the order allowing the appeal has been complied with.

THIS case originated before a justice of the peace of Kendall county, who rendered a judgment in favor of the plaintiff for $54, and the defendant appealed to the Circuit Court. It was there heard before the Hon. John D. Caton and a jury at the April term 1847, when a verdict was rendered for the plaintiff for $37·78, for which sum the Court rendered a judgment, and for five-sixths of the costs.

The defendant prayed an appeal, which was allowed on condition that he enter into a bond with one Decolia Towle, as security, in the sum of $150, within forty days.

*T. L. Dickey,* for the appellees, moved to dismiss the appeal in this case, because, by the order of the Circuit

Pickering *v.* Mizner *et al.*

Court, the appeal was allowed on condition that the appel-
lant should enter into bond with Decolia Towle, his security,
in the sum of $150, in forty days from the adjournment of
said Court, and it appeared that the appeal bond was exe-
cuted by said "Decolia Towle and others as his securities."
It did not appear from the record sent up, that the bond was
in the sum of $150, nor what was the condition, if any,
therein contained.

He contended that a copy of the bond should be certified
in the record; that the parties thereto should be the same as
directed in the order granting the appeal; and that an equiv-
alent bond would not be a compliance with the order. In
support of these positions he cited *Ryder* v. *Stevenson*, 3
Scam. 540, and *Brooks* v. *Jacksonville*, 1 do. 568.

*D. L. Gregg*, for the appellant, resisted the motion.

The Opinion of the Court was delivered by

TREAT, J.:*   The appellees move to dismiss this appeal,
because the record fails to show that the appeal was per-
fected by the appellant. The clerk certifies that an appeal
bond was filed as required by the order allowing the appeal,
but the bond is not copied into the record. This is not suffi-
cient. The clerk should have copied the bond, and certified
it as a part of the record, so that this Court could determine
whether the order of the Circuit Court was complied with.
That is a question for this Court, and not the clerk, to de-
cide. The motion is granted.

*Appeal dismissed.*

---

*WILSON, C. J. and Justice DENNING did not hear the motion, &c.